Argued and submitted March 21, affirmed April 2, 1986

STATE ex rel O'NEAL,
*Appellant,*

*v.*

PEARCE
*Respondent.*

(A8601-00209; CA A39006)

717 P2d 154

Lawrence Matasar, Portland, argued the cause for appellant. With him on the brief was Hoffman, Matasar & Glaeser, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the case for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM.

## PER CURIAM

This is a *habeas corpus* case. The issue is whether a person who is convicted in District Court has an absolute right to release pending appeal when he had been released on his own recognizance before trial. The trial court concluded that release pending appeal is discretionary. We agree. ORS 135.285(2).[1] The rule is the same in District Court. *See* ORS 46.800; *Criminal Trial Procedure* § 11.15 (Oregon CLE 1977 & 1984 Supp).

Affirmed.

---

[1] ORS 135.285(2) provides:

"After judgment of conviction in municipal, justice or district court, the court shall order the original release agreement, and if applicable, the security, to stand pending appeal, or deny, increase or reduce the release agreement and the security. If a defendant appeals after judgment of conviction in circuit court for any crime other than murder or treason, release shall be discretionary."

Defendant contends that the statute mandates that his pretrial release arrangement "stand pending appeal." However, the statute also allows the District Court to "deny, increase or reduce the release agreement and the security."